## NICKLACE *v.* DICKERSON.

Opinion delivered June 25, 1898.

1. PLEADING—SUFFICIENCY OF DENIAL.—A denial in an answer in ejectment that defendant "derived" title from a common source will be treated as a denial of an allegation in the complaint that she "claimed" title through a common source, in the absence of a motion to make the answer more specific. (Page 424.)

2. EJECTMENT—ANCESTOR'S POSSESSION AS EVIDENCE.—One seeking to recover in ejectment, relying upon the fact that her ancestor died in possession without color of title, must show actual possession in such ancestor. (Page 425.)

3. PLEADING—AMENDMENT TO CONFORM TO PROOF.—Where without objection proof is made of the untruth of an allegation in the complaint not denied specifically in the answer, the answer will be treated as amended to conform to the proof. (Page 426.)

4. ADVERSE POSSESSION—BURDEN OF PROOF.—The burden is on the party claiming title by adverse possession to show that his possession was actual, hostile, open and exclusive, and continued without break for the full period prescribed by the statute. (Page 426.)

Appeal from Randolph Circuit Court.

JOHN B. McCALEB, Judge.

*J. C. Hawthorne*, for appellant.

The court erred in refusing to compel plaintiff to file muniments of title as exhibits. Sand. & H. Dig., § 2528; 38 Ark. 181. Had plaintiff shown that her ancestor died in posession under color of title, defendant would have to show a better title. 31 Ark. 334; 40 Ark. 108; 62 Ark. 51. The court

NICKLACE v. DICKERSON. 423

erred in instructing the jury that "every material allegation set out in the complaint, and not specifically denied in the answer," should be taken as confessed, and that evidence tending to disprove such facts should be disregarded. Thomps. Trials, § 1027, and cases. The evidence not being objected to, the court should treat the answer as amended. 43 Ark. 451; 44 Ark. 524; 62 Ark. 262. It was error for the court to give the fifth instruction asked by plaintiff. 47 Ark. 215; 47 Ark. 413. Any visible or notorious acts, which clearly evidence an intention to claim ownership and possession, will suffice to establish a claim of adverse possession. 10 Peters, 432; 30 Ark. 655; 40 Ark. 237; Sedg. & W., Trial of Title, 312. Possession under color of title once being proved, it is presumed to continue until the contrary is proved. 34 Ark. 598; 38 Ark. 371; 48 Ark. 277; 49 Ark. 266. The sixth instruction asked by appellant should have been given. 53 Ark. 418. The facts do not support the verdict, and it should have been set aside.

*S. A. D. Eaton*, for appellee.

Failure to deny, in answer, any material allegation of the complaint admits such allegation. Sand. & H. Dig., § 5761; 41 Ark. 17. The evidence shows possession in appellee's ancestor at the time of his death. The presumption of ownership arising from such possession must be rebutted by the other party, before plaintiff is required to file muniments of title. 21 Ark. 62; 33 Ark. 150. The fifth instruction given for appellee was correct. 27 Ark. 77; 49 Ark. 266, and cases. The tax deeds introduced by appellant being void for jurisdictional defects in sale, to claim under them she must show actual possession under such deeds for at least two years. 57 Ark. 523; 58 Ark. 151.

HUGHES, J. The appellee on the 7th day of December, 1893, instituted this action in the Randolph circuit court, and alleged that her ancestor, Wm. T. Skinner, died seised and possessed of the north half of the southeast quarter, the northeast quarter of the southwest quarter, and the west half of the southwest quarter, of section 1, which he occupied as a homestead; the northwest quarter of the northwest quarter of section 12; and the northeast quarter of the northeast quarter of

section 11, township 18 north, range 2 east, and that she oc-
cupied one hundred and sixty acres thereof as a homestead;
that her father had been in actual possession of all the land for
more than seven years prior to his death; that James Russell,
as administrator of her father's estate, sold and conveyed the
lands to one James M. Pennington, who afterwards, through
mesne conveyances, conveyed to the appellant.

The defendant answered, and denied having information
sufficient to form a belief as to whether W. T. Skinner died
intestate in February, 1867; and denied that he was, at the
date of his death, either seised or possessed of the land men-
tioned in the complaint, or that he was in possession thereof
for any period of time; and alleged that she was the owner
thereof, and derived title under certain documentary evidence
(which she filed as exhibits), and was entitled to retain pos-
session. She denied that she held the lands under a sale
made by the administrator of plaintiff's ancestor. She pleaded
that she had been in adverse possession of the lands more than
seven years next before commencing the suit, and that she had
been in possession of a portion of it under a tax deed for more
than two years.

The defendant, February 7, 1894, filed a motion, in which
she denied that she derived title to the lands under a sale made
by the administrator of the plaintiff's ancestor, and moved the
court to compel the plaintiff to make profert of her title. The
court refused to compel the plaintiff to file copies of deeds or
exhibits of title, to which rulings exceptions were saved. The
plaintiff alleges in her complaint that the defendant *claims* title
to the lands in controversy through the same source as the
plaintiff, and contends that the defendant in her answer does
not deny this. The defendant, in her answer, denied that she
*derived* title from the common source of title. This was not a
denial of the allegation of the complaint that the defendant
*claimed* title to said lands through the same source as the plain-
tiff. But, as it is uncertain whether the defendant *intended* this
as a denial that she claimed title from a common source, and
there was no motion to make the answer more definite and cer-
tain, the statement in the answer that the defendant denied that
she *derived* title from the common source we treat as a denial

that she *claimed* title through the same source as the plaintiff. After the evidence was in, and the court had instructed the jury, they returned a verdict for the plaintiff for all the lands described in her complaint, and the court, after overruling a motion for a new trial, to which the defendant excepted, rendered a judgment in accordance with the verdict, from which the defendant appealed to ahis court.

The plaintiff filed no deeds or evidences of title with her complaint, and sought to rely upon the fact, which she alleged, that her father was in the actual possession, seised of the land in controversy.     There were 280 acres of land described in the plaintiff's complaint, for all which she recovered a judgment. There is no evidence in the record tending to show that the plaintiff's father was ever in possession of any of this land, save a part of one forty-acre tract, and four acres upon another forty acres.     There was some testimony that the plaintiff's father died on the northwest quarter of the southwest quarter of section 1, which he occupied as a homestead, and that all the cleared land and improvements were upon this tract, except four acres cleared in the N. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of section 11. There is also some evidence tending to show that there were in all forty or forty-five acres in cultivation.     There are no deeds showing color of title in the plaintiff's ancestor, and no evidence otherwise of the extent of his actual possession, nor the extent of the boundaries of his occupancy of any of the land as a homestead.

The plaintiff in her complaint alleged that the defendant had been in possession claiming the lands for four years when she brought her suit.     Before she was entitled to recover, it was necessary for her to show that her ancestor died in possession, which would be sufficient, unless a better title was shown by the defendant to be in some one else, either under the statute of limitation or through conveyances.     Relying upon the fact that her father died in possession without color of title, the plaintiff, in order to recover any of said lands, was required to show actual possession—*possessio pedis*—and her recovery would be confined to such actual possession.     There would be in such case no evidence of the extent of the claim of ownership of her father, or his intention to claim ownership, except his actual possession.

There could be no constructive possession without color of title. *Carnall* v. *Wilson*, 21 Ark. 62; *Ferguson* v. *Peden*, 33 Ark. 150; *Wheeler* v. *Ladd*, 40 Ark. 108; *Weaver* v. *Rush*, 62 Ark. 51.

In the absence of evidence tending to show that the plaintiff's father was in the actual possession of all of said land, or was in the actual possession of some of them, claiming title to all of them, by a conveyance of all of them to him, thus showing a constructive possession, we are at a loss to understand how it could be held that the plaintiff was entitled to recover all of them. If it be proved that her father died in the actual possession, claiming title to the lands, and the extent of that possession be shown, this would entitle her to recover to the extent of such actual possession, but no further, unless it was shown that her father was claiming under color of title, in which event her right would be coextensive with the boundaries described in the deed under which her father claimed and held possession. There is no evidence in the case showing the extent of the actual possession of the ancestor of the appellee, the plaintiff below, nor any deed or conveyance to him, or anything showing color of title in him necessary to constitute constructive possession, and for this reason the judgment is reversed, and the cause is remanded for a new trial.

We think there was error in the fourth instruction given for the plaintiff, to the effect that every material allegation set out in the complaint of the plaintiff, and not specifically denied in the answer of the defendant, shall be taken and considered for the purpose of this suit as true and confessed, and you will disregard any evidence tending to disprove such allegations. If proof is made without objection, upon trial, of the untruth of an allegation in the complaint not denied specifically in the answer, the court should treat the answer as amended to correspond with the proof. *Sorrels* v. *Self*, 43 Ark. 451; *Davis* v. *Goodman*, 62 Ark. 262.

In order to constitute title by adverse possession, it must be shown that the possession was actual, hostile, open and exclusive, and continued without break for the full period prescribed by the statute. The burden to show this is upon the party claiming title by adverse possession. *Ringo* v. *Woodruff*, 43 Ark. 486.

From what has been said, it will be seen what the court's view of the law is, without further discussion of the instructions in the case. ·Of course, it is always understood that a plaintiff in ejectment· must recover upon the strength of his title, and cannot rely upon the weakness of his adversary's title.