COSLIN *v.* THE CROSSETT COMPANY.

5-2228                                                342 S. W. 2d 303

Opinion delivered January 23, 1961.

*William H. Drew,* for appellant.

*Arnold & Hamilton,* for appellee.

GEORGE ROSE SMITH, J. The appellee, The Crossett Company, is the record owner of the 318 acres involved in this case. The company brought this suit to cancel, as a cloud upon its title, a deed which the appellant obtained to the land in 1958, and to enjoin the appellant from trespassing upon the property. As her sole defense the appellant asserted title to the land by adverse possession. This appeal is from a decree rejecting this defense, as not sustained by the proof, and granting the relief sought by the plaintiff.

Many years ago the lands in question were owned by the appellant's father, E. E. Callaway, who sold the property and surrendered possession in 1919. Some of the land may formerly have been under cultivation, but for twenty years or more it has all been unenclosed timberland. During its ownership the appellee has cut the timber from time to time and has replanted the land with seedling trees when necessary. It is stipulated that the appellee paid the taxes every year from 1921 through 1958.

This suit was filed in 1958 because in that year the appellant obtained a deed to the property from the other heirs of her father and also asserted her claim of ownership by posting notices upon the land itself. The appellant questions the jurisdiction of the chancery court, but if the land is wild and unimproved, as the chancellor found, then equity had jurisdiction to cancel the appellant's deed as a cloud upon the appellee's title. *Rowe* v. *Allison,* 87 Ark. 206, 112 S. W. 395.

The lands in dispute are not entirely contiguous. One hundred acres lie in a certain Section 20, while the remaining 218 acres are half a mile or more away, in Sections 21 and 22. Upon the controlling issue of adverse possession the appellant's evidence falls far short of sustaining her claim to the 100-acre tract. According to her own testimony the appellant has never

been in actual possession of any part of this tract. Her claim of adverse possession for seven years, extending from March of 1951 to the filing of this suit in October of 1958, rests upon her assertion that she patrolled the 100-acre tract, searching for trespassers, some two or three times a month. Merely safeguarding the property in that manner does not constitute adverse possession. *Connerly* v. *Dickinson*, 81 Ark. 258, 99 S. W. 82; *Stokes* v. *State,* 121 Ark. 95, 180 S. W. 492. It also appears that the appellant executed an unrecorded hunting lease to G. H. Oden, purportedly covering all the lands in controversy, but the lessee did not take possession of the property.

We are also of the opinion that the proof does not support the appellant's claim to the other 218 acres. Mrs. Coslin says that in March of 1951 she and her husband built an unfloored hut or shack upon a certain 40-acre subdivision within this tract. This hut was made of two-by-fours and galvanized sheet metal, was about ten by twelve feet in size, and had neither a water supply nor toilet facilities. Mrs. Coslin and her husband lived in this shack on weekends and at other times when they were not employed. From April, 1952, to November, 1953, the Coslins were both working in Texarkana, Texas, and spent only two or three weekends a month upon the property. Mrs. Coslin says that on those visits she patrolled all the lands in dispute, but it is not shown that she manifested her claim of ownership in any other way.

Late in 1956 or early in 1957 the appellee's forester in charge, Arnold, noticed the shack. He describes it as containing no furniture except a bare bedstead, without a mattress. Arnold was unable to ascertain who owned the structure, and in January of 1958 he had the shack pushed down. Mrs. Coslin says that she assumed the wind had blown the building down, and she set it up again upon a different 40-acre subdivision. Shortly before the suit was filed she abandoned the shack and began living in a trailer that she moved upon the forty acres just mentioned.

Since the appellant had no color of title until 1958 her adverse possession could not extend beyond her actual occupancy, which was limited to the tiny hut. *Langhorst* v. *Rogers,* 88 Ark. 318, 114 S. W. 915. Even as to that area her claim of adverse possession is fatally defective in two particulars. First, an unoccupied shack such as Arnold describes would not, while the Coslins were away, meet the test of demonstrating to the world that they were still in control of the property. *Norwood* v. *Mayo,* 153 Ark. 620, 241 S. W. 7. Secondly, the shack did not remain upon the first 40-acre tract for quite seven years, and since the appellant had no color of title her possession at that location could not extend beyond its actual limits and therefore could not be tacked to her later possession upon a different forty acres. Consequently she has not shown actual adverse possession of any part of the property for a continuous period of seven years.

The appellee's motion to be reimbursed for the cost of its additional abstract of the record is denied.

Affirmed.

JOHNSON, J., not participating.