Coons *v.* Lawler.

5-3069                                           372 S. W. 2d 826

Opinion delivered December 9, 1963.

*Q. Byrum Hurst,* for appellant.

*Wood, Chesnutt & Smith,* for appellee.

Ed. F. McFaddin, Associate Justice. This is a boundary line dispute between adjacent landowners, and the precise question is whether appellant Coons acquired title by adverse possession to the strip in dispute.

On April 15, 1953, appellant Coons purchased a tract on Lake Hamilton, lying south of and adjoining the property owned by appellee, Mary Lawler; and some time later (just when is disputed) Coons planted a row of willow trees for a distance of approximately 200 feet on appellee's property and being 20 feet north of the line stated in Coons' deed. This seems to have been deliberately done, with full realization that the row of willow trees was 20 feet north of the correct boundary.

On June 30, 1961, appellant Coons filed the present suit against Mary Lawler, claiming: that for more than seven years he had been in adverse possession of all the 20-foot strip up to the said row of willow trees and had acquired title to the said 20-foot strip by sufficient acts of adverse possession; and that Mary Lawler should be restrained from interfering with Coons' ownership of said 20-foot strip. By answer and cross complaint, Mary Lawler pleaded record ownership of the 20-foot strip in issue; denied Coons' claim of title by adverse possession; prayed that her title to the disputed 20-foot strip be quieted; and prayed that Coons be required to remove a boathouse he had constructed in front of her property and bordering on Lake Hamilton. The cause was heard by the Chancery Court on evidence *ore tenus;* and from a decree in favor of Mary Lawler, Coons brings this appeal and urges two points, being:

"I. The plaintiff held actual open, notorious, continuous, hostile, and exclusive possession of the land in question for a period of seven years prior to the time this action was instituted without a break in the continuity of possession.

"II. The lower court decision was against the weight of the evidence."

Both of these points go to the sufficiency of Coons' evidence to support his claim of adverse possession, and to the sufficiency of such possession; so we consider the two points together. Coons testified that as soon as he purchased his property in 1953 he planted the said row of willow trees; had a light pole erected on the 20-foot strip; and had used the 20-foot strip for a trailer park for more than seven years. Some of his witnesses supported some of the claimed acts of adverse possession done by him at various times since 1953. Such testimony related to: construction of a septic tank in 1954 or 1955; filling in a low place on the strip in 1953 or 1954; parking trailers on the property at irregular intervals; and building the boat dock at some date not definitely shown. Mary Lawler established by testimony of herself and

others: that she was the record owner of the title to the 20-foot strip in dispute; that in 1957 and 1958 her tenant had a garden on the disputed strip; that there were no trailers on the disputed strip in 1957 or 1958; and that when Mary Lawler's true line was surveyed in 1960 there was only one trailer that extended over her line and that for a distance of three or four feet. Several witnesses called by Mary Lawler testified that there were no willow trees on the disputed strip in 1957.

Thus, there was not only a sharply disputed fact question as to whether Coons had exercised acts of adverse possession for the required statutory period of seven years, and also there was the legal question as to whether Coons had acquired title by adverse possession, even if he had done all of the acts he sought to establish. On either point the Chancery decree was correct. If the Chancellor believed Mary Lawler and her witnesses, then Coons had not exercised any acts of adverse possession for the required period of seven years; and we cannot say that the Chancery decree is against the preponderance of the evidence on this factual issue.

As to the legal question: even if Coons did all that he and his witnesses claimed, nevertheless such acts fall short of that adverse possession required for a trespasser's claim to ripen into a title. Our statute allowing seven years adverse possession to ripen into title is Ark. Stat. Ann. § 37-101 (Repl. 1962); and such adverse possession[1] must be actual, notorious, exclusive, continuous, and hostile. Some of our cases explaining and applying these requirements are these: *Dowdle* v. *Wheeler,* 76 Ark. 529, 89 S. W. 1002; *Sanderson* v. *Thomas,* 192 Ark. 302, 90 S. W. 2d 965; *DeMers* v. *Graupner,* 186 Ark. 214, 53 S. W. 2d 8; *Crawford* v. *Davis,* 147 Ark. 126, 227 S. W. 5; *Brown* v. *Bocquin,* 57 Ark. 97, 20 S. W. 813; *Sharp* v. *Johnson,* 22 Ark. 79; and *Fulcher* v. *Dierks,* 164 Ark. 261, 261 S. W. 645. To prevail on a claim of adverse posses-

---

[1] One of the best considered cases on the essential acts necessary to create title by adverse possession, and in which most of the Arkansas cases are listed, is *Dierks* v. *Vaughn,* 131 F. Sup. 219, affirmed 221 F. 2d 695. See also Jones "Arkansas Titles" (Original Vol. and Annotated Supplement) § 1497 *et seq.*

sion not under color of title (and Coons does not claim color of title), one must show actual or pedal possession to the extent of the claimed boundaries. *Griffin* v. *Isgrig,* 227 Ark. 931, 302 S. W. 2d 777; *Sturgis* v. *Hughes,* 206 Ark. 946, 178 S. W. 2d 236.

The decree in favor of Mary Lawler is in all things affirmed.