HILL *v.* SURRATT

5-3725                                  398 S. W. 2d 225

Opinion delivered January 24, 1966

*U. A. Gentry,* for appellant.

*Alonzo D. Camp,* for appellee.

FRANK HOLT, Justice. The appellees brought this action to establish title by adverse possession to a tract of land consisting of 4.33 acres. The appellant, as owner of record, resisted their claim. The chancellor quieted title in appellees and on appeal appellant seeks reversal of the decree contending that it is against the preponderance of the evidence. We agree with the appellant.

In support of their claim the appellees presented a tax deed purchased from the state in 1954 and which included only the east half of the 4.33 acre tract. This instrument was issued in lieu of a redemption deed. A redemption deed confers no color of title.

In the case of *Rouse* v. *Teeter,* 214 Ark. 488, 216 S. W. 2d 869, the court said:

"The quit claim deed which appellant obtained in 1932 and did not record until 1943, conferred no color of title as it was a mere redemption. The case of *Galloway* v. *Battaglia,* 133 Ark. 441, 202 S. W. 836, and *Inman* v. *Quirey,* 128 Ark. 605, 194 S. W. 858, are to the effect that a tax purchase which was treated as a redemption did not operate as color of title under which title could be acquired."

See, also, *Rinke* v. *Weedman,* 232 Ark. 900, 341 S. W. 2d 44.

Appellees, however, primarily contend that they have acquired title to the property in question by the payment of taxes and actual occupancy adverse to the appellant. The general taxes were paid continuously by the appellees beginning in 1958 to 1963 inclusive. Appellees paid the taxes for 1955 in 1956 and only the first installment of the 1956 taxes. "* * * the payment of taxes is only a circumstance to be considered along with other circumstances." *Wood* v. *McCoy,* 228 Ark. 880, 311 S. W. 2d 755.

The quantum of proof necessary for a trespasser to establish title to a tract of land by adverse occupancy is greater where he has no color of title. It is well settled that where one is holding without color of title, as in the case at bar, the trespassing claimant must show pedal or actual possession to the extent of the claimed boundaries for the required seven years. Ark. Stat. Ann. § 37-101 et seq. (Repl. 1962); *Culver* v. *Gillian,* 160 Ark. 397, 254 S. W. 2d 681; *Sturgis* v. *Hughes,* 206 Ark. 946, 178 S. W. 2d 236; *Griffin* v. *Isgrig,* 227 Ark. 931, 302 S. W. 2d 777. In *Coons* v. *Lawler,* 237 Ark. 350, 372 S. W. 2d 826, we said: "* * * To prevail on a claim of adverse possession not under color of title (and Coons does not claim color of title), one must show actual or

pedal possession to the extent of the claimed boundaries.''

We further review the evidence to determine whether appellees' acts of possession were sufficient to meet this test of actual occupancy. The appellees are the heirs at law of Henry Surratt, Sr., who purchased the tax deed in 1954. Charles Gupton testified that his fater-in-law, Mr. Surratt, began using the land adversely in 1954 by raising gardens or truck patches thereon and that this use continued until he died in 1956; that Surratt never lived on it; that upon Surratt's death he took over the use of the property and since then has raised vegetables on it; that the land is poor and only good for truck patches; that he built a hog pen approximately twelve feet square and raised three to six hogs on this land for about three years; that no repairs were made on any fences after 1956 resulting in the tract now being unenclosed; that the house on the property was destroyed by fire in 1947; that in 1961 he cleared the undergrowth and briars from a corner site of the property on which he later completed the construction of a house which he now occupies. Gupton's wife, and others, corroborated her husband's testimony. She admitted that only a part of the tract was cultivated and that her husband had worked ''in the low place on the far side and he worked on the high place right below my house on back.''

Appellees contend that their intent to hold the lands in question adversely to appellant is sufficiently demonstrated by payment of taxes and using patches for truck gardening to which the land is best suited. We cannot agree that the facts in this case meet the requirements of our decisions. The seasonable cultivation of patches on these unenclosed and undefined lands, without color of title, is insufficient to constitute the continuous, pedal, and actual possession to the extent of the claimed boundaries for the seven years that the law requires of an adverse possessor. *Nicklace* v. *Dickerson,* 65 Ark. 422, 46 S. W. 945; *Connerly* v. *Dickinson,* 81 Ark. 258, 99

S. W. 82; *Coslin* v. *The Crossett Co.*, 233 Ark. 13, 342 S. W. 2d 303; *Teer* v. *Plant*, 238 Ark. 92, 378 S. W. 2d 663.

The decree is reversed and the cause remanded to said chancery court for further proceedings consistent with this opinion.

COBB, J., not participating.