Affirmed.

ED WHITE, JR., *v.* CLYDE McREYNOLDS, VERLIA McREYNOLDS, EDWIN BRAUKER

5-6000                                        484 S.W. 2d 871

Opinion delivered October 2, 1972

*Kirsch, Cathey, Brown & Goodwin,* for appellant.

*Branch, Adair & Thompson,* for appellees.

JOHN A. FOGLEMAN, Justice. In appellant's suit to enjoin appellees from maintaining a wall which obstructed the flow of water from the premises on which White's dwelling house was located onto their adjoining property on the east, the chancellor made the following findings:

1. The wall erected by appellee Brauker did not, in any way, obstruct the flow of water from the White property;

2. the banks of a ditch on White's property, which he asserted was a natural drain, were altered by him by digging so that they would be perpendicular and protected from erosion by concrete slabs, as a result of which the carrying capacity of the ditch was nearly doubled;

3. appellant failed to show by a preponderance of the evidence that the ditch was a natural drain;

4. all the water running from White's property onto the McReynolds property was surface water;

5. the McReynolds were within their legal rights in building a wall to ward off the surface water.

Appellant states that the sole question at issue is whether, prior to the erection of the wall across the mouth of the ditch, there had been a natural watercourse draining from his property to the McReynolds property. He asserts that if a natural drain or watercourse existed, he was entitled to the relief he sought. The sole point for reversal is that the trial court's finding that the ditch was not a natural watercourse was against the preponderance of the evidence. There is no real disagreement about the law applicable to the case. After a careful review of the evidence abstracted, we are unable to say that the chancellor's findings are clearly against the preponderance of the evidence. We did not have the opportunity to see and hear the witnesses as they testified, as did the chancellor, who also had the advantage of seeing the numerous exhibits consisting of plats, photographs and motion pictures as they were in-

troduced and as the witnesses referred to and explained them during the course of the testimony. Only one of these was reproduced in the briefs and it was a photograph attached to the reply brief. An examination of this photograph seems to give as much support to the theory that the ditch was man-made for the collection of surface water as it does to appellant's theory that it was a natural drain or watercourse.

Appellant not only had the burden of sustaining his theory in the trial court by a preponderance of the evidence but also of demonstrating that the fact findings of the chancellor were clearly against the preponderance of the evidence. *City of Little Rock* v. *Sunray DX*, 244 Ark. 528, 425 S.W. 2d 722. Since we are unable to say that appellant has met his burden here, we must affirm the decree of the chancery court.