WORTHEN BANK AND TRUST COMPANY,
GUARDIAN OF THE ESTATE OF WILLIAM HENRY BARNUM,
AN INCOMPETENT *v*. JACK M. AND MARYANN LEWIS

5-6048                                        486 S.W. 2d 23

Opinion delivered October 30, 1972

*Henry & Henry,* for appellant.

No brief for appellees.

FRANK HOLT, Justice. Appellees asserted the ownership of certain lands by record title. William Henry Barnum responded and contended that he had acquired the title through adverse possession. Before the trial, Barnum was adjudged incompetent and appellant was appointed his guardian. The chancellor quieted and confirmed the title in appellees. For reversal of that decree, the appellant contends that the chancellor's finding is against the preponderance of the evidence.

In 1925 Barnum purchased 76 acres of an 80 acre tract of land. The remaining four acres of the tract, of which 3 1/3 acres are in dispute, were expressly excluded

by the terms of Barnum's deed. On this same date, the excepted tract was conveyed to one of the appellees' predecessor in title. This four acre tract is a narrow rectangular strip (105' x 1,670') which parallels a part of the eastern edge of the 76 acres deeded to Barnum. It is stipulated that appellees have record title to the disputed 3 1/3 acres of the 4 acre strip.

Appellant adduced testimony from Barnum's neighbors and son-in-law to establish his claim of adverse use of the land. It appears that at the time Barnum purchased his lands (76 acres from the 80 acre tract) the 80 acre tract was enclosed with a fence which has continued in existence. Barnum pastured a few head of cattle and did some bushhogging on the four acre strip. In addition to these acts of dominion there was, also, testimony that Barnum stated he owned the land.

This four acre strip of land was conveyed by G. W. and Jennie Roberson to Glover Allen by warranty deed in 1939 (recorded 1957). In 1946, Allen (now deceased) admittedly built a house and lived on the land until about 1955. Allen conveyed the four acres in 1956 to Howard Johnson who sold 3 1/3 acres of the property in 1969 to the appellees. About 1957, Johnson sold the Allen house and had it removed with Barnum's knowledge and without any objection from him. In 1959 or 1960, Johnson conveyed two lots (totaling 2/3 acres) to local individuals after having a survey made. Another survey was made in 1963 of which Barnum, also, had knowledge and made no objection. In fact, survey stakes were left standing for a long period of time. Johnson testified that during the 13 years he was the owner he talked with Barnum many times about the property and permitted Barnum, a friend, to "clean it up" and use it for pasturing. Barnum lived on his property and adjacent to the disputed strip from the time he acquired it in 1925 until he was adjudged incompetent during the pendency of this action. The first time Barnum ever made known to him any adverse claim of ownership was in 1964 when a dispute arose about a proposed roadway. The present action was instituted before the statutory seven year period of time had elapsed.

"The quantum of proof necessary for a trespasser to establish title to a tract of land by adverse occupancy is greater where he has no color of title." *Hill* v. *Surratt*, 240 Ark. 122, 398 S. W. 2d 225 (1966). In the case at bar, the appellant had the burden of sustaining its claim of adverse possession by a preponderance of the evidence and to demonstrate on appeal that the findings of the chancellor were clearly against the preponderance of evidence. *White* v. *McReynolds et al*, 253 Ark. 137, 484 S.W. 2d 871. In the case at bar, as abstracted, we cannot say that the finding of the chancellor is against the preponderance of the evidence.

Affirmed.