ROSCOE PATE ET UX *v.* R. D. JUNKIN, HATTIS FREEMAN, J. T. PATTON, AND FREEMAN D. BOOTH, TRUSTEES

5-6108                                    489 S.W. 2d 802

Opinion delivered February 5, 1973

*Brown, Compton & Prewett,* for appellants.

*Mahony & Yocum,* for appellees.

FRANK HOLT, Justice. This appeal involves a title to 100 acres of land. Appellees, bank trustees, claim title to the land by virtue of a foreclosure suit and resulting deed in 1935. Also, appellees, with this color of title, have paid taxes on the property for more than 35 years. Ap-

pellants claim title by adverse possession. Appellees instituted an action to quiet title against appellants and others who are not parties to this appeal. The court found that at no time were the appellants in open, hostile, notorious or continuous possession of any part of the lands sufficient to establish title by adverse possession and for more than seven years appellees have under color of title paid taxes on the lands and had sole and exclusive possession thereof. Accordingly, the chancellor quieted and confirmed title to the lands in the appellees. For reversal the appellants contend that the court's finding is not supported by substantial (a preponderance of the) evidence. The chancellor was correct.

In 1935 the property was acquired by the bank from Pate's father through foreclosure proceedings. Appellants continued living on a 7.5 acre tract adjacent to the 100 acres from that date until approximately 1960 when they removed from the farm because of Pate's health. According to Pate, he had approximately 60 acres under cultivation until his health problem occurred in 1955. He claimed that he "might have cultivated 39 acres sometimes" of a 40 acre tract. On another 40 acre tract, he said he "had about 15 or 16 acres of that under fence" and grew "everything a farmer is supposed to grow; peas, beans, cotton, corn, potatoes, soybeans." He used "outside the old rail fence" on this 40 acre tract for pasture. He used the south 20 acres primarily for pasture. He maintained a dry house, potato house, mule barn, woodshed and several cotton houses spread over the land. He grazed his cattle on the land until 1969 and presently raises hogs there. The impairment in his health occurred in 1955, which reduced his farming activities to truck farming until about 1961. The acreage in his truck farming cultivation ranged from eight to fifteen acres. His stock ran free on the lands. Pate admitted that at all times he was aware of and recognized appellees' claim of title to the lands and refrained from disposing of any timber or any claimed interest in the lands. In effect, he testified that he had not farmed any of the property in 15 years and had not truck farmed any of it since he moved from the area approximately 10 years ago.

Appellees adduced evidence that since 1950 there were no improvements or enclosures on the lands. One

witness described it as being wild and unimproved and returned to a state of nature. For as long as 20 years the land has been unenclosed, unimproved and completely covered with pine timber anywhere from 15 to 22 years of age. It appears that all of the fences were in such a state of disrepair that only portions remained in place or were visible on the ground. Apparently these were the original fences that existed 35 years previously and had not been maintained.

It is well established that the burden of proof is upon the trespasser to show his adverse occupancy for the required statutory seven years. *Maney* v. *Dennison,* 110 Ark. 571, 163 S.W. 783 (1914), and *Knight* v. *Hardin,* 249 Ark. 1017, 463 S.W. 2d 673 (1971). Furthermore, as we said in *Hill* v. *Surratt,* 240 Ark. 122, 398 S.W. 2d 225 (1966):

> "The quantum of proof necessary for a trespasser to establish title to a tract of land by adverse occupancy is greater where he has no color of title. It is well settled that where one is holding without color of title, as in the case at bar, the trespassing claimant must show pedal or actual possession to the extent of the claimed boundaries for the required seven years. ****

> "The seasonable cultivation of patches of these unenclosed and undefined lands, without color of title, is insufficient to constitute the continuous, pedal, and actual possession to the extent of the claimed boundaries for the seven years that the law requires of an adverse possessor."

See, also, *Moore* v. *Anthony-Jones Lbr. Co.,* 252 Ark. 883, 481 S.W. 2d 707 (1972). Ark. Stat. Ann. § 37-101 et seq. (Repl. 1962).

In the case at bar the appellants are claiming the title by adverse possession to the 100 acres without any color of title. They never lived on the property nor paid any taxes. They used parts of the lands for various purposes. Moreover, Pate admitted he recognized appellees' title to the lands and refrained from disposing of any timber or any alleged interest in the lands. In the circumstances

we are definitely of the view that the chancellor's finding was not against the preponderance of the evidence. The appellants, as trespassers, have not demonstrated the necessary quantum of proof to establish their asserted title by adverse occupancy.

Since we are affirming the chancellor's decree quieting title in the appellees and dismissing appellants' claim of adverse possession, it becomes unnecessary for us to discuss the appellees' cross-appeal that the court erred in setting aside a default judgment in their favor and then permit the appellants to present their claim for adverse possession.

Affirmed.