John A. DeCLERK and Wilma J. DeCLERK *v.*
Darrell E. JOHNSON and Norma Sue JOHNSON

CA 79-200                                    596 S.W. 2d 359

Court of Appeals of Arkansas
Opinion delivered March 19, 1980
Released for Publication April 9, 1980

*Wilson & Grider,* by: *Murrey L. Grider,* for appellants.

*King & King,* by: *Jim King,* for appellees.

JAMES H. PILKINTON, Judge. Appellants and appellees own contiguous tracts of property situated in Randolph County, Arkansas. This case is a boundary line dispute between them. Involved also is whether or not there was a prescriptive easement across a portion of the real property claimed by appellees in the event the court should determine that the appellants were not the owners of the property across which they claim access to their land.

The Chancery Court found that the appellees had record title to the real property in question; and that the appellants had failed to show that they had acquired and now owned a part of appellees' land by acquiescence, adverse possession or by an agreement as to boundary lines. The court further found that the appellants had failed to establish an easement

by prescription. The decree was for the appellees on all issues submitted, and appellants have appealed.

## I

Appellants first argue that the court erred in finding that appellants did not own the real property in dispute by adverse possession. It is well settled that adverse possession will ripen into ownership only if such possession is actual, open, notorious, continuous, hostile and exclusive. The possession must be in derogation of the rights of the record owner. Appellants had the burden of establishing that they had adversely possessed the lands to which the appellees clearly held record title. Ark. Stat. Ann. § 37-101 (Repl. 1962). *Utley* v. *Ruff,* 255 Ark. 824, 502 S.W. 2d 629 (1973).

The quantum of proof necessary for a trespasser to establish title to land by adverse possession is greater where he has no color of title. When one is claiming without color of title, as in the case before us, the trespassing claimant must show pedal or actual possession to the extent of the claimed boundaries for the required seven years. *Hill* v. *Surratt,* 240 Ark. 122, 398 S.W. 2d 225 (1966). In the case at bar, the record title of neither appellants nor appellees is questioned. An inspection of the conveyance to appellants, and of the conveyance to appellees, shows that they correctly describe each adjoining tract. There are no overlaps or discrepancies in the described boundary lines. It is clear that appellants' deed does not describe any of the lands of appellees. There is no proof that appellants have color title in any manner. There is also no evidence in the record to show that appellants have adversely possessed a specific portion of appellees' real property. The learned Chancellor was correct in his finding that appellants did not adversely possess, within the meaning of the law, any of the property to which the appellees held record title.

## II

The Chancellor was also correct in finding that there was no agreed boundary line between appellants and appellees different from the true survey line. Both sides seem

to rely on the case of *Jones* v. *Seward,* 265 Ark. 225, 578 S.W. 2d 16 (1979). In the *Jones* case the Arkansas Supreme Court said:

> In order for there to be a valid boundary line agreement, certain factors must be present: (1) there must be an uncertainty or dispute about the boundary line; (2) the agreement must be between the adjoining land owners; (3) the line fixed by the agreement must be definite and certain; (4) there must be possession following the agreement.

In the case before us, while the boundary line had not been physically located by the parties, the record discloses that the boundary line in question could be located. It simply had not previously been fixed upon the ground. Even the testimony of the appellant, John DeClerk, is devoid of any indication of an agreed boundary. Rex Tyler, appellees' predecessor in title, testified specifically that no agreement was ever entered into as to this boundary line. Only one witness, Hershel Wicker, an employee of appellant John DeClerk, testified that there was an agreement of any kind. He said that there was an understanding as to the *approximate* location of the line, and that this agreement had been made between appellant John DeClerk and Rex Tyler. As indicated, Mr. Tyler specifically denied that there was any understanding or agreement. Mr. Wicker's testimony is not supported by the testimony of appellant John DeClerk and is disputed by Rex Tyler. In any event, when carefully considered, Mr. Wicker's testimony does not indicate a definite and certain line, but at most deals with an approximate point at the southwest corner of appellants' land. Also there is no proof that appellants possessed the property claimed. The evidence does not, with any certainty, establish the alleged southwest corner of appellants' land, much less the entire western line.

## III

Appellants also argue that the Chancellor was incorrect in finding that the appellants had not established a right to a prescriptive easement across appellees' real property. In ad-

vancing this argument, appellants failed to take into consideration that the continuous use must be adverse to the party against whom the easement is claimed and not permissive in nature. *Wilson v. Brandenburg,* 252 Ark. 921, 481 S.W. 2d 715 (1972). There is no evidence here that there was any adverse use of appellees' land for a period of years. The testimony of William Michael Jones indicated that, while a tenant in appellants' building, he may have crossed appellees' lands for a period of about six months prior to June or July, 1977. Harold Armstrong testified he entered the building of appellants on the west side thereof while a tenant from May of 1977 until February or March of 1978. Mr. Armstrong said that he was not aware of where the boundary line was located, and that he asked Rex Tyler, appellees' predecessor in title, for permission to cross Mr. Tyler's land. Even appellant, John DeClerk, testified that he requested permission from Mr. Tyler to modify the curbing. Mr. Tyler testified that he leased appellants' property until February, 1975, and that he purchased the property now owned by appellees in June of 1970. There is no substantial evidence of adverse use of appellees' land by appellants. We find no merit in appellants' argument that the proof offered by them was sufficient to establish an easement by prescription.

## IV

The correctness of the survey made by Bernard DeClerk is supported by the evidence. This survey correctly shows the lands of appellants as described in the deed by which they took title; and also correctly describes and shows the lands of appellees according to their deed. The Chancellor properly found and established the true and correct boundary line between the real property of the parties. See *Sun Ray DX Oil Company* v. *Mahaffey and Associates,* 251 Ark. 632, 474 S.W. 2d 119 (1971). It is well established that the findings of fact of the Chancellor will not be reversed unless they are against the preponderance of the evidence, even though the case is heard de novo on appeal. *Gibson* v. *Heiman,* 261 Ark. 236, 547 S.W. 2d 111 (1977). In the case before us, the findings of the Chancery Court are not against the preponderance of the evidence, but are, in fact, fully supported by the proof and are correct on this record.

Affirmed.