TUBBS *et al. v.* GATEWOOD *et al.*

DEEDS—*Construction of.*—Where two clauses in a deed are so totally repugnant to each other that they cannot stand together, the first shall be received and the latter rejected.

In the common understanding and acceptation of their meaning, the words "signed and sealed," in the certificate of acknowledgment, is an equivalent expression for "signed, sealed and delivered," or "executed."

The words "without undue influence or compulsion of her husband," in the certificate of acknowledgment of a married woman, in their common acceptation, are equivalent to the expression of her "own free will, without undue influence or compulsion of her husband."

ACKNOWLEDGMENT.—A substantial compliance with its requirements, in the acknowledgment of a deed, will dispense with a literal conformity with the statute.

*Appeal from Prairie Circuit Court.*

HON. JOHN WHYTOCK, Circuit Judge.

*Watkins & Rose,* for appellant.

The statute prescribes one form of acknowledgment, where the wife owns the land, and a different form where she merely has a dower interest. *Gould's Dig. ch. 37, sec. 21, and forms 29 and 30, in the appendix.*

In the case of *Lane v. Dollick, 6 McLean, 200,* on a like statute, and the cases there cited, are, to our minds, conclusive of this case.

*Clark & Williams,* and *English, Gantt & English,* for appellees.

The deed to A. J. Ellis is a valid deed between Sheppard and wife—signed and acknowledged by both of them, and by Sarah Sheppard, separate and apart. The validity of the deed under the provisions of *sections 10, 11 and 21, chap. 37, Gould's Dig.* (the title being shown to have been in the wife), depends

upon the acknowledgment coming within the provisions of section 21.

Slight verbal variation or surplusage in the form of acknowledgment, if a substantial compliance, does not vitiate a deed. *Dex v. Hamilton, 7 Halstead Rep. 109; Jackson v. Inman, 2 Cowen 552.*

In the acknowledgment of a wife's conveyance, the form of the certificate is immaterial, provided the directions of law are substantially complied with. *Talbot v. Simpson, Peters C. C. Rep. 188; Watson v. Mercer, 6 S. & R. 49; 6 Binney, 437; Lee v. Hall, 2 Har. & McHer. 19 Dex v. Guger, 4 Halstead, 225.*

After great lapse of time, courts will presume that the deed was properly acknowledged, even if defective. *Jackson v. Gilchrist, 15 Johnson Rep. 91.*

HARRISON, J.

This was an action of ejectment, by William Tubbs and his wife, Priscilla M. Tubbs, and George W. Sheppard, against James E. Gatewood, James S. Thomas, Nathaniel H. Burk, Nicholas Burnett, Mack Banks, Jonas McKindree and Stephen Forehand, for a block of ground, in the town of Des Arc. The defendants, except McKindree, who was not served with process, pleaded the general issue, and the verdict and judgment were in their favor.

The block in controversy, was conveyed by George C. Watkins to Sarah Sheppard, wife of Christopher Sheppard, on the 21st day of May, 1850, and she and her husband were in possession in that, and several years thereafter. On the 23d day of October, 1854, Christopher Sheppard, and his wife, conveyed lots three, four, five, eight, nine and ten, in said block, to Albert G. Ellis, under and from whom the defendants claim title.

The deed to Ellis, which was read to the jury against the

9

plaintiff's objection, purported to grant, bargain, sell, alien and convey the lots to him in fee simple; and, except that it contained, after the grant or conveyance of the property, a clause of relinquishment of dower by Mrs. Sheppard, was in every respect in the usual form of a deed of conveyance, of a married woman's real estate, but the certificate of her acknowledgment attached to the deed was as follows: "I further certify that on this day, voluntarily appeared before me, Sarah Sheppard, wife of the said C. Sheppard, to me well known as the person whose name appears upon the within and foregoing deed of conveyance, and, in the absence of her husband, declared that she had *signed and sealed the relinquishment of dower, and the foregoing deed of conveyance,* therein expressed, for the purposes therein contained and set forth, *without compulsion or influence of her husband.* In testimony whereof," etc.

Sarah Sheppard died in 1859, and her husband in 1861, and her heirs-at-law were her children, the plaintiffs, Priscilla M. Tubbs and George W. Sheppard, Salina Sheppard and Frederick Sheppard. Salina Sheppard died, without issue, in 1863. Frederick Sheppard, on the 24th day of December, 1867, conveyed all his right and interest in lots one, two, three, four, five, eight, nine, ten, eleven and twelve, in the block in controversy, to Priscilla M. Tubbs.

Evidence was adduced to prove that the defendants were in possession of the property at the time of the commencement of the suit.

The two following instructions, asked by the plaintiffs, were refused by the court :

1. "If the jury believe the evidence before them, the plaintiffs are, upon the construction and legal effect of the deed from Christopher Sheppard and, wife to Albert G. Ellis, entitled to recover the property therein described."

2. "If they believe the evidence, the plaintiffs are, upon the construction and legal effect of the deed read in evidence, entitled to recover an undivided half of the property described in the deed from Christopher Sheppard and wife to said Ellis."

The main question for our decision, and upon which all others depend, is as to the sufficiency of Sarah Sheppard's acknowledgment of the deed to Ellis. If properly acknowledged, no serious doubt can exist that it conveyed the fee in the lots described in it, which was in her, to Ellis; for it is a familiar and well settled rule in the construction of deeds, that where there are two clauses so totally repugnant to each other, that they cannot stand together, the first shall be received and the latter rejected. Besides, being herself the owner of the property, she had no right of dower to relinquish, and we cannot presume that she intended a nullity.

*Section 21, chapter 57, Digest,* prescribes the manner of authenticating conveyances of real estate by married women, as follows:

"The conveyance of any real estate by any married woman, or the relinquishment of dower in any of her husband's real estate, shall be authenticated and the title passed by such married woman voluntarily appearing before the proper court or officer, and, in the absence of her husband, declaring that she had, of her own free will, executed the deed or instrument in question, or that she had signed and sealed the relinquishment of dower for the purposes therein contained and set forth, without compulsion or undue influence of her husband."

In taking the acknowledgment of a deed, as well as that of a married woman as any one else, a literal conformity with the statute will be dispensed with, when there is a substantial compliance with its requirements. *Trammell v. Thurmond 17 Ark., 216; Jacoway v. Gantt, adm'r., 20 Ib., 190; Alexander & Belt v. Merry, 9 Mo., 510; Webster's Lessee v. Hall, 2 Har. & McH., 19; Dex v. Geiger, 4 Halst., 225, Nantz v. Bailey, 3 Dana, 111.*

Though signing and sealing, without delivery, is not a complete execution of an instrument, the phrase "signed and sealed," in the certificate, was obviously used agreeably to the common understanding and acceptation of its meaning, as an

equivalent expression for "signed, sealed and delivered," or "executed."

Mrs. Sheppard's object and purpose was, as stated in her acknowledgment, to make a conveyance of the lots described in the deed, and the officer, by whom it was taken, must have understood her as declaring that she had executed it, for we cannot conceive that he intended to certify to so nugatory an act, as that she acknowledged the signing and sealing only of the instrument.

It is further contended that if an execution of the deed is shown by the certificate of acknowledgment, she did not de-clare it to be of her "own free will." The certificate does not so state, in those words, but she declared that it was " without compulsion or undue influence of her husband." The wife is under subjection to no one except her husband, and her free-dom from the constraint and control of all other persons is presumed, and need not be shown, and the free will with which she is required to act in the disposal of her real estate is, free-dom from the constraint and undue influence of her husband. That appearing by the certificate, we are clearly of the opin-ion that her voluntary execution of the deed is sufficiently stated therein.

Holding, then, that the provisions of the statute were sub-stantially complied with, and that the deed conveyed Mrs. Sheppard's interest in the lots described in it, there could be no valid objection to its being read to the jury, and it must, for the same reason, likewise follow, that the court did not err in refusing to give the jury the instructions asked by the plaintiffs.

The judgment of the court below is affirmed.