WHETSTONE *v.* HUNT.

Opinion delivered March 24, 1906.

1.  DEED—REPUGNANCY BETWEEN GRANTING AND HABENDUM CLAUSES.— While it is a rule of law that, if there is a clear repugnance between the granting and habendum clauses in a deed, the latter must give way, upon the theory that the deed should be construed most strongly against the grantor, yet it is only where these clauses are irreconcilably repugnant that such a disposition of the question is required to be made.  (Page 232.)

2.  SAME—CONSTRUCTION.—Where the granting clause in a deed conveyed the entire interest of the grantor to the grantee and his heirs, and the habendum clause limited the estate to one for life, without stipulating whose life, the words of limitation will be construed to be for the life of the grantor.  (Page 232.)

Appeal from Miller Circuit Court; *Joel D. Conway,* Judge; affirmed.

*Byrne & Lewis* and *E. F. Friedell,* for appellant.

The estate intended to be conveyed must be determined by the intent of the parties to be ascertained by the contents of the deed.  53 Ark. 185; 28 Ark. 285.  The whole deed should stand, as under that construction there might be an estate for the heirs of the grantee to take after her death if practical, and every part of it be made to take effect.  6 Ark. 109; 15 Ark. 286; 18 Ark. 65; 2 Devlin on Deeds, § 837.  General language in a deed, or language which is formal, is controlled by special language.  23 Ark. 1-4; 97 N. Y. 545.  See also 2 Devlin on Deeds, § § 858, 859.

*Scott & Head,* for appellee.

If there is a clear repugnance between the nature of the estate granted and that limited in the habendum, the latter yields

to the former; but if they can be construed so as to stand together without contradicting the grant, that construction will be given so as to give effect to both. The habendum can not frustrate a grant complete before, nor abridge or lessen the estate granted. 3 Wash. on Real Prop. (5 Ed.), 469; 4 Kent, 50; 1 Cooley's Blackst., book 2, 297. If the habendum is in conflict with the granting clause, the habendum must give way upon the theory that the deed shall be construed most strongly against the grantor. 74 N. E. 1012; 3 Gill, 198. If a grant is to one of his heirs, habendum for life, the habendum is void because it gives a lesser estate. Elph. Interp. Deeds, 219. Habendum may be rejected entirely when repugnant to or inconsistent with other clauses in the deed. 44 S. W. 250.

McCULLOCH, J. This is an action of ejectment which involves the construction of the following deed (omitting caption):

"That the said Eliza Whetstone and her husband, Evans L. Whetstone, for and in consideration of the sum of $500, lawful money of the United States, in hand, the receipt of which is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain and sell and convey, unto Samuel W. Mays, party of the second part, his heirs and assigns, the entire interest of the said Eliza Whetstone and her husband, Evans L. Whetstone, in and to the property belonging to the estate of John C. Blanton, deceased, late of the county and State aforesaid, and consisting of a one-third interest of the following described property belonging to the estate of the said John C. Blanton, deceased, towit: (Here follows the description). To have and to hold the above bargained and granted land for life, together with all the interest that the said party of the first part has or may have in or to any and all property, real or personal, belonging to the estate of the said John C. Blanton, deceased. And, for and in consideration of the foregoing payment of five hundred dollars by the party of the second part to the party of the first part, the party of the first part hereby sells, bargains and conveys, gives, grants and releases all their claim, interest or demands as heirs of Richard Blanton, deceased, in and to any or all property, real or personal, belonging to said estate of the said Richard Blanton, deceased, unto the party of the second part, his heirs and assigns forever, and the party of the first part do further agree

with the party of the second part that they are the lawful heirs of the said John C. Blanton, deceased, and Richard Blanton, deceased, and that they have a good and lawful right to sell their interests in the aforesaid lands and their whole interest in all property belonging to said estate, that their interest is free from all incumbrances suffered or made through them, and that they will, and that their estate, covenant and defend the said party of the second part, his heirs and assigns, [against] the lawful claims and demands of all persons whatsoever."

The interest claimed is that inherited from John C. Blanton, it being conceded that appellant's interest in the Richard Blanton lands was conveyed in fee simple by the deed.

It is contended by appellant that an estate for and during the life of the grantee was conveyed by the deed, whilst appellees contend that an estate in fee simple was conveyed. The circuit court held that an estate for and during the life of the grantor was conveyed. Both parties have appealed to this court.

"If," says Mr. Washburn, "there is a clear repugnance between the nature of the estate granted and that limited in the habendum, the latter yields to the former; but if they can be construed so as to stand together by limiting the estate without contradicting the grant, the court always gives that construction, in order to give effect to both. If, therefore, a grant be to A. and his heirs, habendum to him for years or for life, the restrictive clause is void, because it contradicts and defeats the grant." 3 Wash. Real Prop. (6 Ed.), § 2360; Elphinstone's Interp. Deeds, 219; 1 Cooley's Blackstone, book 2, p. 297; *Tyler* v. *Moore,* 42 Pa. St. 376; *Hunter* v. *Patterson,* 142 Mo. 310; *Lamb* v. *Medsker,* 74 N. E. (Ind.) 1012; *Ratliffe* v. *Marrs,* 87 Ky. 26; *Smith* v. *Smith,* 71 Mich. 633. "As to the habendum, it is a rule of law that every part of the deed should be examined and construed as a whole. But if the habendum be found to be in conflict with the granting clause, the habendum must give way, upon the theory that the deed shall be construed most strongly against the grantor, in order to prevent a contradiction or retraction by a subsequent part of the deed, or a limitation being placed upon a right which had been granted and given in the premises." *Lamb* v. *Medsker, supra.*

It will be observed that the habendum clause in this deed does not specify the party to whose life the grant is limited, whether to the life of the grantor or of the grantee. It reads merely, "to have and to hold the above-bargained and granted land for life, together with," etc. This language would ordinarily mean for the life of the grantee, but it is ambiguous, and to give it that construction would be to bring it in direct conflict with the granting clause of the deed, for if the word "heirs" of the grantee is to be given any effect whatever, there must be some estate left after his death for his heirs to take. On the other hand, if we construe the words of limitation to be for the life of the grantor, they are not necessarily in conflict with the granting clause, for under that construction there might be an estate for the heirs of the grantee to take after his death. Giving it that construction, the two clauses of the deed are consistent and not conflicting, and, according to the authorities just quoted, it is our duty to give all parts of the deed such construction, if possible, as that they will stand together. See also *Carson* v. *McCaslin,* 60 Ind. 334; *Caldwell* v. *Hammons,* 40 Ga. 342; *Coleman* v. *Beach,* 97 N. Y. 545; *Henderson* v. *Mack,* 82 Ky. 379; *Bodine* v. *Arthur,* 91 Ky. 53; 2 Tiff. Real Prop. § 382.

"In the case of repugnant dispositions of property contained in the same instrument, the courts are from necessity compelled to choose between them; but it is only when they are irreconcilably repugnant that such a disposition of the question is required to be made." *Coleman* v. *Beach, supra.*

The judgment of the circuit court is therefore correct, and must be affirmed. It is so ordered.