## LEVY v. McDONNELL.

Opinion delivered November 22, 1909.

DEEDS—REPUGNANT CONDITION.—Where a sale of land was completed by the execution of a conveyance, a stipulation in the deed that if the vendee failed to pay the purchase money the conveyance should be void and the vendee should be liable thereafter in a sum named as rent to be paid annually is a repugnant condition and void.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Taylor & Jones,* for appellants.

Under the stipulation in the deed, when David failed to pay the note as he contracted, the relation of landlord and tenant instantly began, and that relationship was as fully in force as though no contemplated sale had ever existed. 75 Ark. 578; 78 Ark. 574.

*Crawford & Hooker,* for appellee.

The deed in this case created the relation of vendor and vendee, and not that of landlord and tenant, notwithstanding the deed was not to become absolute until paid, and the fact that the note falling due in November, 1905, was not paid at maturity. Cases cited by appellant on this point do not apply, because the instrument in this case is a deed, and not a lease.

Title passed to Davis, the vendee, the moment the Levy deed was delivered to him. Merely calling a vendee a lessee does not make him so unless it appears from the whole contract that he is a lessee. 39 Ark. 560; 54 Ark. 16; 75 Ark. 410; 51 Ark. 218; 61 Ark. 515. Even if the provision as to payment had been for real and customary rent, and not for purchase money, the provision would have been void because repugnant to the granting clause in the deed. 82 Ark. 209; 78 Ark. 230; 15 Ark. 695.

McCULLOCH, C. J. Minnie B. Levy and her husband, W. J. Levy, two of the appellants herein, by their deed duly executed and delivered, containing covenants of general warranty of title, conveyed in fee simple to one Davis a tract of land in Jefferson County for the sum of $5,000, payable in eight equal annual installments, as evidenced by the promissory notes of said Davis duly executed to them and recited in said deed. After the habendum and the warranty clauses of the deed, there follows this stipulation:

"And when all of said notes are paid according to the tenor and effect thereof, then this instrument is to become absolute; and if the said Davis shall fail to pay said indebtedness for any year according to the tenor and effect of said notes, then in that event this conveyance shall be void, and the grantors shall be entitled to possession, and said grantee is to be held as a tenant of the said Minnie B. and W. J. Levy for any year he shall so fail, and shall be liable to the grantors for rent in the sum of six hundred and twenty-five dollars, and when the rent shall be paid for each year to the amount as set out in said notes, then he is to have the same placed to his credit as purchase money."

Davis failed to pay the second note, which fell due on November 1, 1905. He had mortgaged his crop on the land to appellee for supplies, and during the fall of the year he gathered the crop and delivered it to appellee, and the latter sold it and applied the proceeds in satisfaction of his mortgage debt. This action against appellee was subsequently instituted in chancery to recover from him the proceeds of said crop, and a lien on said crop is asserted under the above quoted stipulation in the deed.

It will be noticed in the first place that the stipulation does

not expressly purport to declare a lien on the crop. Therefore it cannot be held to constitute an equitable mortgage. If any lien exists at all, it is by virtue of the relation of landlord and tenant, which is declared to arise in the event that said Davis shall fail to pay either of said notes. Appellants rely upon the principle stated in the following quotation, approved by this court in *Thomas* v. *Johnston,* 78 Ark. 574: "The parties to an agreement for the sale of land may also contract with the right, at the election of either party in the future, upon the performance or nonperformance of certain conditions, to treat the transaction either as a purchase-and-sale contract or a lease; and if the election is made to treat it as a tenancy, it relates to the time of making the contract, and the relation of landlord and tenant, with all the incidents and liabilities, will be regarded as having begun at that time." 18 Am. & Eng. Enc. Law, 2 Ed. pp. 168, 169.

This principle applies, however, only to executory contracts for the sale of land, and not to contracts fully executed by delivery of deeds conveying the title to the purchaser. The two relations of vendor and vendee and of landlord and tenant are inconsistent, and cannot exist at the same time. But the parties to an executory contract may establish either one or the other of these relations, and provide when the one shall end and the other shall begin. This is the controlling principle in *Thomas* v. *Johnston, supra,* and the cases which preceded it. But when the fixed relation of vendor and vendee is created by the conveyance of the title, which is an executed contract, the other inconsistent relation cannot be created, for, the title being in the vendee, the relation of landlord and tenant cannot exist. Merely denominating the debt as rent in certain contingencies would not make it rent, where the relation of landlord and tenant does not in fact exist. *Walters* v. *Meyer,* 39 Ark. 560; *Watson* v. *Pugh,* 51 Ark. 218; *Quertermous* v. *Hatfield,* 54 Ark. 16; *Smith* v. *Mayberry,* 61 Ark. 515.

The deed exhibited in this case conveyed the title in fee simple to Davis, and the grantor could not burden the conveyance with a condition which defeated it. The condition is repugnant to the grant, and is void. *Carl Lee* v. *Ellsberry,* 82 Ark. 209; *Whetstone* v. *Hunt,* 78 Ark. 230.

Other questions are raised which it is unnecessary to decide. Decree affirmed.