## McDILL v. MEYER.

### Opinion delivered May 2, 1910.

1. DEEDS—REPUGNANCY BETWEEN GRANTING AND HABENDUM CLAUSES.— There is no repugnancy between the granting and habendum clauses in a deed wherein the granting clause contained no words of inheritance and the habendum clause provided that if the grantee died without children the title to the property should revert to the grantor, but that otherwise it should go to the grantee's children. (Page 617.)

2. SAME—ESTATE CONVEYED.—Kirby's Digest, § 733, providing that "all deeds shall be construed to convey a complete estate of inheritance in fee simple, unless expressly limited by appropriate words in such deed," has no application where appropriate words are used in the deed expressly limiting the grant. (Page 617.)

3. SAME—CONSTRUCTION TO GIVE EFFECT.—In the construction of deeds it is the duty of the courts to harmonize the different clauses so as to give effect, if possible, to the language of each clause, and therefore the habendum clause will be rejected only where there is an irreconcilable repugnance between it and the granting clause. (Page 618.)

4. SAME—FUNCTION OF HABENDUM CLAUSE.—While the habendum clause in a deed is void if it is repugnant to the estate granted, yet where no estate is mentioned in the granting clause, then the habendum becomes efficient to declare the grantor's intention, and will rebut any implication which would otherwise arise from the omission in this respect in the granting clause. (Page 618.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; reversed.

*Caldwell & Brockman* and *Carmichael, Brooks & Powers,* for appellant.

The deed created an estate tail at common law. 67 Ark. 517.; 9 N. J. L. 10; Tied. Real Prop., § 39; Kent, Com., vol. 4, pp. 11, 12, 13, 14; 51 Ark. 61, 71; 44 Ark. 458; 58 Ark. 303. Where an estate was granted to "A for life, remainder to the heirs of his body," the rule would not operate; but if granted to "A for life, remainder to his heirs," the rule would operate, and A would take a fee simple. 58 Ark. 303.

*Crawford & Hooker,* for appellee.

A grant should be taken most strongly against him who made it. 15 Ark. 695. The deed conveys a fee simple. 82 Ark. 209. When an estate is once granted, no subsequent clause, even in the same deed, can nullify it. 83 Me. 562; 11 Bac. Ab. 665; Shep. Touch. 79; 2 Ves. Sen. 74; 55 Wis. 96; 122 S. W. 1003; 78 Ark. 230; 15 Ark. 695; 60 Ia. 442. The word "heirs" is not necessary to create a fee simple. Kirby's Dig., § 733; 58 Ark. 309. Deeds must be construed according to their legal effect, and often against the clear intention of the grantor. 82 Ark. 213; 81 Ark. 480; 58 Ark. 311; 2 Fearne on Rem. 216-220.

McCulloch, C. J. Appellants sued to recover possession of a tract of land in Jefferson County, Arkansas, claiming title thereto under the following deed, they being the surviving children of Matthew F. McDill, deceased: .

"Know all men by these presents that I, Cornelia F. Mc-Donald, of the county of Lincoln, State of Arkansas, have this day bargained, given, aliened and conveyed, and for and in consideration of the sum of one dollar ($1) cash in hand paid, the receipt of which is hereby acknowledged, and the further consideration of my love and affection for him as my son, do by these presents bargain, sell, alien, convey and give to Matthew F. McDill the following tract or parcel of land described as follows, towit: (Here follows description of the land).

"To have and to hold to the said Matthew F. McDill, his heirs, etc., under the following restrictions and reservations, towit:

"First. The use of the gin house which is situated on the land herein granted is reserved to be used in common by my-

self and by all my children in common with the said Matthew
F. McDill, and said gin house shall be used by me for common
ginning for persons in the neighborhood whenever I shall elect
to do so, the profits thereof coming to me, or to such person
or persons as I shall designate, and the repairs done as needed
on said gin house shall be borne by myself and the members
of my family using the same and by the said Matthew F. Mc-
Dill in fair and just proportion.

"Second. In case the said Matthew F. McDill shall die
without children lawfully begotten, then the title to the property
herein granted shall revert to me, the said C. F. McDonald, to
my heirs, etc.; otherwise to his lawful children.

"Third. Together with the land herein granted is also
granted, given and conveyed by me, the said C. F. McDonald,
to him, the said Matthew F. McDill, the rights and privileges
to cut and have from any other lands now belonging to me
all such timber as he may need for buildings, fences or firewood
purposes on the land herein granted."

Appellees contend that the deed in question conveyed title
in fee simple to Matthew F. McDill, and they assert title in
themselves under a deed executed by him. The circuit court
decided in favor of appellees. Did title pass in fee simple under
said deed to McDill?

It is insisted by appellee that, by the granting clause of
the deed, the conveyance was in fee simple, and that the reser-
vations and limitations contained in the habendum were repug-
nant to the grant, and therefore void. The case of *CarlLee.* v.
*Ellsberry*, 82 Ark. 209, is relied on to sustain that contention.
In that case the language of the granting clause of the deed
was "convey, sell, give and bequeath to said Georgina Ellsberry,
and unto her heirs and assigns forever, the following lands."
The court held that these words constituted a grant in fee sim-
ple, and that the repugnant limitation in the habendum was void.
In the present case the granting clause of the deed contains
no express words of grant in fee simple. No words of inher-
itance were employed, and the conveyance was not expressly
stated to be in fee simple.

At common law, a fee could not by deed be granted with-
out words of inheritance; but, by force of our statute (Kirby's
Dig., § 733), "all deeds shall be construed to convey a com-

plete estate of inheritance in fee simple, unless expressly limited by appropriate words in such deed." This statute does not, however, apply where appropriate words are used in the deed expressly limiting the grant. The habendum is the appropriate place in the deed for such limitation, but it may appear anywhere in the deed. It is only where limitations or reservations in the habendum or subsequent parts of a deed are repugnant to the granting clause that they are held to be void. *Fletcher* v. *Lyon,* 93 Ark. 5; *Riggin* v. *Love,* 72 Ill. 553. The office of the habendum clause of a deed is to explain or define the extent of the grant, and is rejected only where there is a clear and irreconcilable repugnance between the estate granted and that limited in the habendum. 3 Washburn on Real Property (6 ed.), § § 1258, 1260. In the construction of deeds it is the duty of a court to harmonize the different clauses so as to give effect, if possible, to the language of each clause. *Whetstone* v. *Hunt,* 78 Ark. 230.

Mr. Washburn gives the following illustration of a qualification of the words of grant by the habendum without there being such repugnancy as to render the limitation void: "A deed to A and his heirs of lands, to have and to hold (habendum) to the heirs of his body, limits and qualifies the estate otherwise a fee-simple, and reduces it to an estate tail, defining in effect in the second clause what was meant by 'heirs' in the first." 1 Washburn, Real Property (6 ed.), § 194.

*Riggin* v. *Love, supra,* is precisely in point, and it appears therefrom that there is a statute in Illinois, substantially the same as ours, declaring that "all deeds will be construed to convey an estate in fee simple unless expressly limited by appropriate words in the deed." The court, in construing a deed similar to the one now in suit, said: "We concede that the habendum cannot perform the office of divesting the estate already vested by the deed, and that it is void if it be repugnant to the estate granted. But where no estate is mentioned in the granting clause, then the habendum becomes efficient to declare the intention, and it will rebut any implication which would otherwise arise from the omission in this respect in the granting clause. 4 Kent's Com. (8 ed.) 523; 2 Washb. on Real Estate (2 ed.) 689. The statute to which reference is made excepts, by its terms, cases in which a less estate than a fee is limited by express

words; and, since it does not enjoin that this limitation shall only appear in the granting clause, it is obviously unimportant to the present question. The granting clause in this deed merely describes the property conveyed, and does not pretend to define the nature or character of the estate granted. If it were followed by no language assuming to supply what is thus omitted, it would result, by legal implication, under the statute relating to conveyances, that the estate conveyed was a fee; but the habendum follows for the express purpose of describing what estate in the property is conveyed. It does not contradict the language of the granting clause, but simply supplies what is omitted therefrom, and removes all necessity for resorting to implication to ascertain the intention of the parties."

The language of the deed does not bring it within the rule in Shelley's case, so as to convey an estate in fee simple to Matthew F. McDill. He took only an estate for life. Nor can the third clause of the deed, granting the privilege of cutting timber on any other lands owned by the grantor, be construed to enlarge the estate granted in the land.

It is unnecessary for us to decide whether the limitation in the second clause of the habendum created an estate tail at common law which, by force of our statute, was effective as conveying a life estate with remainder over in fee simple to the "persons to whom the estate tail would first pass according to the course of the common law;" or whether the deed conveyed a contingent remainder to the children of Matthew F. McDill who survived at the time of his death. The result is the same. For in either event, on the death of Matthew F. McDill, title in fee simple vested in his children, who are the plaintiffs in this action.

We are therefore of the opinion that the title to the land is in appellants, and that the circuit court erred in deciding otherwise. The judgment is therefore reversed, and the cause remanded with directions to proceed in accordance with the law herein announced.