CITIZENS' INVESTMENT COMPANY v. ARMER.

Opinion delivered April 15, 1929.

378

*Powell, Smead & Knox,* for appellant.

*Stewart & Oliver,* for appellee.

HART, C. J., (after stating the facts). The correctness of the decree of the chancery court depends upon the construction to be placed upon that part of the deed from Alex Armer and his wife to Claude Armer which is

copied in our statement of facts and which need not be repeated here. That mineral deed was executed on the 23d day of June, 1922. At that time there was a mineral lease on the land in favor of Fred Mellor which had been executed by Alex Armer and his wife on the 17th day of June, 1922. By the terms of that lease it was to run for five years from the date thereof, or as long as oil or gas might be produced or saved from the land. The present suit was commenced on the 21st day of June, 1928. This was more than five years from the date of the execution of the mineral lease to Fred Mellor. The record shows that neither Fred Mellor nor his assignees ever drilled or explored the land for oil and gas. Thus, by the terms of the mineral lease, it expired five years from the date of its execution, which was on June 17, 1927.

It will be noted that the part of the deed under which appellees claim to own an undivided one-half interest in the oil and gas in the forty acres of land in question appears in the granting clause of the deed immediately before the *habendum* clause. In express terms it provides that, if the Mellor lease shall for any reason become forfeited or terminated, all future lease interests and rentals on said land for oil, gas and mining privileges shall be owned jointly by Claude Armer and Alex Armer. It expressly provides that Claude Armer is to "own one-half portion of an interest in all oil, gas or other minerals in, under and upon said land, and that may be produced therefrom."

It is the settled rule in this State that a deed must be construed according to the intention of the parties, as manifested by the language of the whole instrument; and it is our duty to give all parts of the deed such construction, if possible, as that they would stand together. Where there is a repugnancy between the granting and the *habendum* clauses, the former will control the latter. *McDill* v. *Meyer,* 94 Ark. 615, 128 S. W. 364; *Dempsey* v. *Davis,* 98 Ark. 570, 136 S. W. 975; *Mount Olive Stave Co.* v. *Handford,* 112 Ark. 522, 166 S. W. 532; *Georgia State*

*Savings Ass'n.* v. *Dearing,* 128 Ark. 149, 193 S. W. 512; *Jackson* v. *Lady,* 140 Ark. 512, 216 S. W. 505; *Cummins Brothers* v. *Subiaco Coal Co.,* 150 Ark. 187, 233 S. W. 1075; *Alexander* v. *Morris & Co.,* 168 Ark. 31, 270 S. W. 88; and *Pelt* v. *Dockery,* 176 Ark. 418, 3 S. W. (2d) 62.

In the present case there is no conflict between the granting and *habendum* clauses of the deed, and by the plain terms of the deed itself Claude Armer became entitled to one-half of the oil, gas and other minerals in said land after the lease by Alex Armer and his wife to Fred Mellor had expired on the 17th day of June, 1927. Claude Armer died intestate in Union County, Arkansas, where the land was situated, on the 24th day of September, 1926; and after his death his widow, Sallye A. Armer, and the other appellees, who were his children and sole heirs at law, became the owners of the said undivided one-half interest in the oil and gas in the forty acres of land described in the complaint. The conveyance made by Alex Armer to George M. LeCroy was made on the 18th day of April, 1927. This conveyance in no wise could affect the interests of appellees, which had become vested in them by a prior conveyance. On the 18th day of June, 1928, George M. LeCroy and his wife conveyed the land to the Citizens' Investment Company, a corporation. It could only acquire by said deed the rights of its grantor.

It follows that the rights of appellees to an undivided one-half interest in the oil and gas in said forty acres of land had become vested before the execution of the deed by Alex Armer to George M. LeCroy and the subsequent conveyance by George M. LeCroy and wife to the Citizens' Investment Company. Therefore the decree of the chancery court quieting the title in appellees to an undivided one-half interest in the oil and gas in said forty acres of land was correct, and must be affirmed.