FENDER *v.* ROGERS.

Opinion delivered February 22, 1932.

*Walter L. Pope* and *W. J. Schoonover,* for appellant.
*W. P. Smith* and *W. M. Ponder,* for appellee.

SMITH, J. This case involves the construction of a certain deed, which reads as follows:

"Know all men by these presents: That I, Albért W. W. Brooks, of the county of Randolph, and the State of Arkansas, have this day, for and in consideration of the sum of one dollar to me in hand paid, the receipt of which is hereby acknowledged, and for the further con-

sideration of the natural love and affections that I have for my daughter, Ellen Rogers, have granted, bargained, sold and given, and by these presents do grant, bargain, sell and give, unto my daughter, Ellen Rogers, the following described lands lying and being in Randolph County, Arkansas,

"To have and to hold during her natural life and then to her bodily heirs, to-wit:

"The west half (W½) section two (2); northeast fractional quarter (NE Frl. ¼) east of river, section three (3); northeast quarter (NE¼) of southeast quarter (SE¼) of section three (3); south half (S½) of southeast quarter (SE¼) section three (3); southeast quarter (SE¼) of southwest quarter (SW¼), section fifteen (15), all in township eighteen (18) north, range two (2) east.

"To have and to hold the same unto the said Ellen Rogers and unto her heirs and legal assigns forever. This deed however is made on this condition, that I hereby reserve unto myself the full control and authority and all the rents and profits which may accrue on said lands during my natural life.

"Witness my hand and seal this the 3d day of October A. D., 1893.

(Signed)    "Albert W. W. Brooks."

The chancellor was of opinion that this deed from Brooks to his daughter conveyed only a life estate to her, and that the deed which she executed to the ancestor of appellants conveyed only that estate, and that upon her death appellees, her heirs at law, took the fee title by way of remainder. The correctness of this construction of the deed is the question presented for decision on this appeal.

A comparison of the deed set out above with the deed construed in the case of *McDill* v. *Meyer,* 94 Ark. 615, 128 S. W. 364, shows that the deeds in the two cases are substantially identical down to the habendum clause, and what was said in the construction of that portion of the deed in the McDill case is applicable here. The rules

of construction there stated were that, if the granting clause conveys a fee simple a repugnant provision in the habendum clause which diminishes the estate thus conveyed is void. *Carl-Lee* v. *Ellsberry,* 82 Ark. 209, 101 S. W. 407, 12 L. R. A. (N. S.) 956, 118 Am. St. Rep. 60. That at common law a fee could not be granted by deed without words of inheritance, but by force of our statute (§ 1497, Crawford & Moses' Digest) "* * * all deeds shall be construed to convey a complete estate of inheritance in fee simple, unless expressly limited by appropriate words in such deed," but that this statute has no application where appropriate words are used in the deed expressly limiting the grant. It was further said that, while the habendum is the appropriate place in the deed for such limitations, it may appear elsewhere in the deed, and that such limitations or reservations are held to be void only when they are repugnant to or in conflict with the recitals of the interest conveyed in the granting clause; that it was the function of the habendum clause to explain or define the extent of the grant, and that such explanation would be rejected only where there is a clear and irreconcilable repugnance between the estate granted and that limited in the habendum.

It was pointed out in the McDill case that the granting clause there construed did not define the estate granted, and that fact is true here also. It was therefore held in that case, as it must be held here, that there was no repugnancy in the definition of the estate conveyed between the granting clause and the habendum clause, and the interpretation of the deed in that case was arrived at by a construction of the habendum clause. We must resort to the same means here to interpret this deed. There is here not only no conflict between the granting and the habendum clauses, but only in the habendum clause does the grantor define the estate conveyed.

The similarity between the two deeds ceases however with the granting clause. In the McDill case it was recited in the habendum clause that if the grantee "shall die without children lawfully begotten, then the

title to the property herein granted shall revert to me, the said C. F. McDonald, (the grantor) to my heirs, etc.; otherwise to his lawful children.''

It was held that the language of the habendum clause did not bring it within the rule in Shelley's case so as to convey an estate in fee simple to the grantee, but that he took only an estate for life. The court found it unnecessary to decide whether the limitation in the habendum clause set out above created an estate tail at common law, which, by force of our statute (§ 1499, Crawford & Moses' Digest), was effective as conveying a life estate with remainder over in fee simple to the ''person to whom the estate tail would first pass according to the course of the common law,'' or whether the deed conveyed a contingent remainder to the children of the grantee who survived at the time of his death, as the result would be the same in either case, inasmuch as the grantee was survived by children lawfully begotten.

Here however there appears two clauses, either of which, if it stood alone, would be treated as the habendum clause. These clauses are not void as being in conflict with the granting clause, for the reason which has been stated that the granting clause is silent as to the extent or character of the estate conveyed.

It is true, of course, that, if there were no habendum clause, the deed would be construed as conveying an estate in fee simple. This by virtue of § 1497, Crawford & Moses' Digest, quoted from above. But there is an habendum clause; the doubt is whether there are not two.

The first of these clauses contains the recital: ''To have and to hold during her natural life and then to her bodily heirs.'' If the language just quoted is to be given effect as the habendum clause, then only a life estate was granted to Mrs. Rogers, and her bodily heirs take the fee title, subject to her life estate and subject also to the life estate reserved by the grantor. *Wilmans* v. *Robinson,* 67 Ark. 517, 55 S. W. 950.

It is apparent that this deed was written by an untrained hand, and it is a matter of common knowledge

that nearly all persons authorized to take acknowledgments write deeds, and that blanks of all kinds are used for this purpose.

It is significant that this clause does not appear in the part of the deed where habendum clauses are usually found, although that fact is not of controlling importance. It appears in connection with the description of the land conveyed, and following this description another clause appears where the habendum clause would be expected to be found and which reads as follows:

"To have and to hold the same unto the said Ellen Rogers and unto her heirs and legal assigns forever. This deed however is made on this condition that I hereby reserve unto myself the full control and authority and all the rents and profits which may accrue on said lands during my natural life."

It must be admitted that these clauses conflict, as one is to the heirs special, whereas the other is to the heirs general, but we have concluded that the second clause is, in fact the habendum clause, and the one to be given effect as such.

We are led to this conclusion, not only from the reasons stated, but from the additional reason that the habendum clause is the appropriate place in the deed where limitations and reservations are expressed, and it is in this second clause that the grantor recites the condition upon which the deed was made, the condition being that, subject to the conveyance to the grantee and her general heirs and legal assigns forever, the grantor had reserved to himself "the full control and authority and all the rents and profits which may accrue on said lands during my natural life." If the grantor intended to convey to his daughter only an estate for her life, he made that subject to the life estate reserved in himself; in other words, a life estate to begin upon the termination of another life estate. The deed does not recite the grantor's intention that his daughter's life estate shall begin at the expiration of his own life estate there reserved, but such is its necessary effect if only a life estate

was conveyed to her. If such had been his intention, this second clause was the place in which that intention would be expressed, because it was here that he undertook to state the condition upon which the deed had been executed.

We conclude therefore that this second clause should be given effect as the habendum clause, and not the first, and, if this be the proper construction of the deed, it follows that an estate in fee simple was conveyed to the grantee named, subject only to the life estate reserved by the grantor in himself.

The decree of the court below will therefore be reversed, and the cause will be remanded with directions to enter a decree conforming to this opinion.

KIRBY, J., dissents.