MASON *v.* ·JACKSON.

4-4694

Opinion delivered June 14, 1937.

*S. L. White,* for appellant.

*McRae & Tompkins,* for appellees.

BUTLER, J.   On November 15, 1919, J. T. Mason and Lillian Hearon Mason, his wife, executed and delivered to W. D. Jackson, father of the appellees, a warranty deed conveying, by proper description, a certain forty acres of land situated in Nevada county, Arkansas.   The granting clause of the deed is as follows:   " * * * Do hereby grant, bargain, sell and convey unto the said W. D. Jackson and unto his heirs and assigns forever the following lands lying in Nevada county, Arkansas, to-wit: (here follows description of the lands.)"   The habendum clause of said deed is as follows:   "To have and to hold the same unto the said W. D. Jackson and unto his heirs and assigns forever with all appurtenances thereunto belonging, except one-half interest in all oil, gas and mineral rights."

J. T. Mason, the grantor in the aforesaid deed, died intestate leaving surviving his widow, the appel-

lant, and certain heirs. The latter executed a quitclaim deed to the appellant on July 31, 1936, conveying to her one-half the mineral interests reserved in the aforesaid deed. On the same day appellant executed an oil and gas lease to the Benedum-Trees Oil Company, whereupon suit was instituted by the appellees against the appellant seeking to cancel the quitclaim deed and the oil and gas lease as clouds upon their title.

This suit was predicated upon the theory that the reservation in the habendum clause of the warranty deed is void. Issue was joined by answer, and upon a hearing of the cause the chancellor found that the reservation in the deed was void and entered a decree granting the relief prayed. In this we think the chancellor was correct.

In the lower court, and on appeal, appellant contends that appellees' suit is barred by limitation and laches and, further, that the reservation in the deed is valid. We think a decision of the last question is decisive of the first. The reservation being void, as the chancellor found, no duty rested upon the appellees to take notice of the same until their title became clouded by conveyances of the estate attempted to be reserved.

From earliest times the rule has obtained that where two clauses in a deed are totally repugnant to each other, the first shall be received and the latter rejected. Cooley's Blackstone, 4th Ed., vol. 1, page 737; *Doe* v. *Porter*, 3 Ark. 18, 36 Am. Dec. 448; *Tubbs* v. *Gatewood*, 26 Ark. 128. Applying this rule to specific clauses, this court, in *Whetstone* v. *Hunt*, 78 Ark. 230, 93 S. W. 979, 8 Ann. Cas. 443, quoted with approval from Washburn on Real Property, as follows: "If there is a clear repugnance between the nature of the estate granted and that limited in the *habendum,* the latter yields to the former."

The appellant concedes that the earlier cases of this court approve the rule above stated, but contends that the "modern" rule should prevail over all technical rules of construction so as to effectuate the intention of the parties. In the earlier cases this rule was recog-

nized. In *Doe* v. *Porter, supra,* the court laid down certain rules for the construction of deeds, which, it said, were so ancient and of such universal application as to become "maxims in the science of the law." Among the rules stated, are the following: "All deeds shall be construed favorably, and as near the intention of the parties as possible, consistent with the rules of law. * * * The construction ought to be put on the entire deed, and every part of it. For the whole deed ought to stand together, if practical, and every sentence and word of it be made to operate and take effect."

In the case of *Carl Lee* v. *Ellsberry,* 82 Ark. 209, 101 S. W. 407, 12 L. R. A. (N. S.) 956, 118 Am. St. Rep. 60, Mr. Justice BATTLE, in an opinion where many of the leading authorities are reviewed and cited, among them the case of *Whetstone* v. *Hunt, supra,* announced as a rule which has never been disregarded or even seriously questioned that a grantor cannot destroy his own grant however much he may modify it or load it with conditions, and, where an estate is once granted in a deed, no subsequent clause, even in the same deed, can operate to nullify such conveyance. The granting clause of the deed then before the court conveyed to the grantee, "and unto her heirs and assigns forever," certain lands, and the habendum clause recited, "to have and to hold the same unto the said Georgena Ellsberry and unto her heirs and assigns forever, with all appurtenances thereunto belonging; provided, however, that should the said Georgena Ellsberry die without issue, and before her husband, William M. Ellsberry, then the property herein conveyed is to revert to the said William M. Ellsberry." Applying the rule above set forth, the court said: "The granting clause of the deed conveys the lands described to the grantee in fee simple. The habendum defines the estate the grantee is to take to be the fee simple, with a proviso limiting the estate in certain contingencies to a life estate. The proviso or condition is repugnant to the granting clause. Which prevails."

In the case at bar, except for the name of the grantee and the attempted limitation on the grant, the granting

and habendum clauses are identical with those of the deed under consideration in the Ellsberry case: "Do hereby grant, bargain, sell and convey unto the said ..............................................and unto his heirs and assigns forever, * * *. To have and to hold the same unto the said ..............................................and unto his heirs and assigns forever, with all appurtenances thereunto belonging." Then follows the exception. In the instant case, as in the Ellsberry case, the granting clause conveys the lands described to the grantee in fee simple; the habendum defines the estate the grantee is to take in fee simple. The exception in the habendum clause attempts to limit the estate conveyed and is, therefore, repugnant to the granting clause which must prevail.

In *Levy* v. *McDonnell,* 92 Ark. 324, 122 S. W. 1002, 135 Am. St. Rep. 183, the deed under consideration was one which, by its granting clause, conveyed the title in fee simple for a consideration payable in installments in the future. There was a recital following which provided that if the deferred payments were made when due, the instrument would become absolute, but if not, the grantee would be deemed a tenant in possession and liable for a certain sum as rent. The court held that the proviso was repugnant to the granting clause and void and cited the case of *Carl Lee* v. *Ellsberry, supra.*

In the case of *Cole* v. *Collie,* 131 Ark. 103, 198 S. W. 710, the reservation in the habendum clause of the deed under consideration was held by the lower court to be irreconcilably repugnant to the granting clause. The granting clause, after naming the grantor, is as follows: "Do hereby grant, bargain, sell and convey unto the said James J. Lewis and to his heirs and assigns forever the following lands * * *. To have and to hold the same unto the said James J. Lewis and unto his heirs and assigns forever, with all appurtenances thereto belonging * * *, and we accept the manganese and lithograph claim." In its opinion, the court noticed the case of *Carl Lee* v. *Ellsberry, supra,* and that in subsequent cases distinctions were pointed out as to deeds which do not contain in the granting clause express words of inheritance, namely, *Fletcher* v. *Lyons,* 93 Ark. 5, 123 S.

W. 801; *McDill* v. *Meyer,* 94 Ark. 615, 128 S. W. 364, but affirmed the decision of the lower court for the reason that "The present case falls squarely within the rule announced in *Carl Lee* v. *Ellsberry.*"

Appellant complains of the harshness of the rule which, she contends, defeats the manifest intention of the grantor. She also contends that our "early" cases should not be controlling, but that the "modern" rule should prevail so as to defeat technical rules of construction and to effectuate the intention of the grantor. This court has already had before it such a contention on a number of occasions and has always endeavored to construe the separate clauses of the deed under consideration so as to reconcile them if possible. However, in *Stokes* v. *State,* 121 Ark. 95, 180 S. W. 492, Ann. Cas. 1917D, 657, this court said: "And while it can not be doubted that the rule according primary significance to the granting clause still obtains, being sometimes treated as a rule of property, and if two conflicting intentions are expressed, there is no alternative but to construe the deed by the technical rules, even though they may be denominated arbitrary, nevertheless it is only when the clauses are irreconcilably repugnant that such a disposition of the question is required to be made." That this court has endeavored to construe deeds, if possible, to carry out the intention of the grantor is manifest as seen by the case of *Fletcher* v. *Lyon, supra,* where, when the granting clause as a whole was considered, it was adjudged that it did not convey the title in fee simple so as to make inoperative a subsequent clause limiting the conveyance and terminating it upon the happening of a certain event.

In *McDill* v. *Meyer, supra,* there was held to be no repugnancy between the habendum and granting clauses, the granting clause containing no words of inheritance and the habendum providing that if the grantee died without children the title should revert to the grantor, but otherwise it should go to the grantee's children. Also, in *Bodcaw Lumber Company* v. *Goode,* 160 Ark. 48, 254 S. W. 345, 29 A. L. R. 578, where the court denied

the contention that the reservation clause in the deed was void as being in conflict with the grant. The court set out the granting clause and said, in support of its conclusion: "It will be observed, however, that the clause in question is a part of the granting clause of the deed, and must, therefore, be read in connection with the grant as a limitation thereon, rather than as being in conflict with it. This is the rule where an exception or reservation is found in the granting clause of a deed. It is otherwise where the clause attempting to limit the grant is contained in the habendum or any subsequent clause of the deed."

Also, in the case of *Citizens Investment Co.* v. *Armer,* 179 Ark. 376, 16 S. W. (2d) 15, the court recognized the rule announced in previous cases that where there is repugnancy between the granting and habendum clauses, the former will control the latter, but, applying the further rule that it is the court's duty to give all parts of a deed, if possible, such construction as to reconcile conflicting clauses so that they may stand together to effectuate the intention of the parties, held that there was no repugnancy between the granting and habendum clauses for the reason that the limitation on the grant was contained in the granting clause itself.

*Fender* v. *Rogers,* 185 Ark. 191, 46 S. W. (2d) 804, recognizes the rule announced in *Carl Lee* v. *Ellsberry,* *supra,* citing that case with approval. It was there held, however, that there was no repugnancy between the granting and habendum clauses in the deed under consideration for the reason (quoting headnotes Nos. 4 and 5) that "where the granting clause in a deed does not define the estate conveyed, and the habendum clause, if it defines such estate, is determinative"; and "where the granting clause did not define the estate conveyed, and the *habendum* provided that the grantee should 'have and hold the property unto herself and unto her heirs and legal assigns forever,' the grantee received a fee simple."

In the recent case of *Gravette* v. *Veach,* 186 Ark. 544, 54 S. W. (2d) 704, the court found from the nature

of the transaction that the grantee held the naked legal title for the use of the public and that the provision that such use be administered through a certain agency was not such a repugnancy to the granting clause as to render the latter void, but cites with approval the case of *Carl Lee* v. *Ellsberry, supra.*

We have endeavored to examine all our cases dealing with the subject under consideration and have found none to impair or alter the rule first announced as applied in the cases of *Carl Lee* v. *Ellsberry; Levy* v. *McDonnell* and *Cole* v. *Collie, supra.* The terms of the deed in the case at bar are identical with those of the deeds under consideration in the cases, *supra.* It follows that the decree of the trial court is correct, and it is, therefore, affirmed.

SMITH and McHANEY, JJ., dissent.

SMITH, J. (dissenting). There is one fact in this case about which there is no room for doubt, reasonable or otherwise, and that is that the majority opinion has defeated the obvious and plainly expressed intention of the parties to this deed. The grantor reserved a one-half interest in all oil, gas and mineral rights. That reservation has been ignored, and the majority hold that a right expressly reserved was in fact conveyed. A new contract has been made for the parties, and this has been done by disregarding the unambiguous language which was employed and giving it a construction which the parties did not intend. The grantee purchased the land and a half interest only in the oil, gas and mineral rights, yet he is given the entire oil, gas and mineral rights. He has been given valuable rights which he did not buy and which the deed was not intended to convey. Such a result should not be reached unless required by positive law, and the majority opinion does not furnish that justification. The implications of the opinion will be so far reaching in the timber and mineral portions of the state that I am constrained to register my protest and dissent.

There is no question about the right of a landowner to convey timber or mineral rights apart from the land,

or to convey the land and reserve these rights. The practice is so common that the General Assembly found it necessary to make provision for the separate assessment of these interests for purposes of taxation. By the act of April 7, 1905, provision was made for the separate assessment of timber rights. Section 9855, Crawford & Moses' Digest. By the earlier act of March 1, 1897, provision was made for the separate assessment of mineral rights. Section 9856, Crawford & Moses' Digest. The grantor, therefore, had the right to convey or to reserve all or any portion of the mineral rights. His plainly expressed intention to exercise that right should not be denied him unless some positive law requires that this be done, and I very respectfully, but very earnestly, insist that there is no necessity.

The case of *Carl Lee* v. *Ellsberry,* 82 Ark. 209, 101 S. W. 407, 12 L. R. A. (N. S.) 956, 118 Am. St. Rep. 60, is chiefly relied upon by the majority. I think there has been a misapprehension of the holding in that case. There, as the opinion recites, an unconditional conveyance of the fee had been made, after which it was attempted to convey to the same grantee a conditional life estate. In distinguishing this opinion in the case of *Fletcher* v. *Lyon,* 93 Ark. 5, 123 S. W. 801, Chief Justice McCulloch said: "There the deed conveyed an estate of inheritance in lands. Words of grant were used which were sufficient, in the absence of qualifying words, to convey an estate in fee simple, and the *habendum* contained a proviso attempting to limit the estate to one only for life. This court held that the limitation contained in the *habendum* was repugnant to the granting clause, and was void."

In other words, two separate and inconsistent estates had been there conveyed to the same grantee. There was an irreconcilable repugnancy, and the question presented and there decided was which of these two estates was in fact conveyed. The rule of construction, that a deed is construed most strongly against the grantor could have been applied as of controlling effect.

It was said in the case of *Whetstone* v. *Hunt,* 78 Ark. 230, 93 S. W. 979, 8 Ann. Cas. 443, that "While it is a rule of law that, if there is a clear repugnance between the granting and *habendum* clauses in a deed, the latter must give way, upon the theory that the deed should be construed most strongly against the grantor, yet it is only where these clauses are irreconcilably repugnant that such a disposition of the question is required to be made." An extensive annotation of this Whetstone case appears in 8 Ann. Cases at page 445, and the annotator makes the comment that "When the court has exhausted every means of determining the actual intent of the parties, resort to the arbitrary and technical rules of construction becomes necessary. Thus, where the *habendum* is clearly repugnant to the premises, the *habendum* must give way to the premises. The court will declare the *habendum* to be void and will put into effect the technical intent as expressed in the premises."

There is no occasion here to resort to technical rules of construction to ascertain the intent of the parties to this deed, for there is no repugnancy here if we may read the deed in its entirety in determining the intention of the parties. There is a widespread misapprehension that we may look only to the granting clause of a deed to determine the estate or interest conveyed. This is not the law. In distinguishing the case of *Fletcher* v. *Lyon, supra,* from the Carl Lee case, *supra,* Chief Justice McCULLOCH said: "The rule announced in *Carl Lee* v. *Ellsberry, supra,* does not apply, as the whole of the premises of the deed must be considered together so as to give effect to it as a whole. Moreover, reservations, conditions or limitations not repugnant to the grant may appear in any part of a deed and be equally effectual. 1 Jones on Real Property in Conveyancing, § 624; Martindale on Conveyancing, § 121."

In the case of *Fletcher* v. *Lyon, supra,* the deed construed recited that "The grantors 'do hereby grant, bargain, sell and convey unto the said Thomas R. Lyon, and unto his heirs and assigns forever, the following lands

lying in the county of Woodruff and state of Arkansas, to-wit: (Here lands are described), containing 372 acres.' " The opinion, also, recites that the grantors in the deed reserved "the right to use for grazing or farm purposes the surface of so much of said premises as the said grantee shall not desire to use in connection with any lumber manufacturing, lumbering or logging operations which he may wish to conduct over or upon said premises, or any part thereof." It was said by Chief Justice McCulloch that to properly construe a deed it should be read in its entirety, and when so read the reservation of the beneficial interest above set out was valid and had not been conveyed away in the apparent grant of a fee-simple title appearing in the granting clause.

The effect of a conflict between the granting and *habendum* clauses as to the estate conveyed is the subject of an extensive annotation to the case of *Hammond* v. *Hammond*, 84 A. L. R. 1050, and many of our cases are there cited. The effect of the note is that the rule requiring the rejection of clauses repugnant to and inconsistent with the granting clause is one of construction only, to be employed only where the repugnancy cannot be reconciled. But all the courts do not employ it even then. The annotator says: "The modern and now widely accepted rule, the strongholds of which appear to have been Kentucky, North Carolina, and California, has for its cardinal principle the proposition that, if the intention of the parties is apparent from an examination of a deed 'from its four corners' without regard to its technical and formal divisions, it will be given effect though, in doing so, technical rules of construction will be violated. And by these courts it is held that the rule that an *habendum* creating an estate contradictory or repugnant to that given in the granting clause must be rejected is not a rule of property, but is merely a rule of construction, which will be resorted to only where the court cannot determine which of the clauses was intended to be controlling." Many cases from numerous states are cited in support of this statement, but it may again be said that there is no repugnancy in this deed requir-

ing the aid of technical rules of construction to ascertain the intent of the parties to this deed.

It would unduly extend this dissenting opinion to review our own numerous cases on the subject. The case of *Stokes* v. *State,* 121 Ark. 95, 180 S. W. 492, Ann. Cas. 1917D, 657, reviews a number of them, and quotes with approval from 8 R. C. L., §§ 98, 100 and 101, of the chapter on Deeds, the true rule to be applied. See especially that portion of the quotation beginning where the quotation therefrom in the majority opinion concludes. I shall not again quote the statement of the law there appearing, but will be content to rest the question on a quotation from one of our latest cases on the subject. This is the case of *Gravette* v. *Veach,* 186 Ark. 544, 54 S. W. (2d) 704. There a warranty deed had been executed to the town of Gravette. The deed contained the following reservation: ''The above-described property is to be used for public park purposes and is to be under the control of the ladies of Civic Improvement Club of Gravette.'' The chancellor held the reservation valid, and in affirming that decree we said: ''The appellant challenges the correctness of this decree, and invokes the well-settled rule that, where a grant is made in a deed of the title in fee, a subsequent clause limiting the absolute title, being in irreconcilable conflict with the title conveyed by the granting clause, is void. *Carl Lee* v. *Ellsberry,* 82 Ark. 209, 101 S. W. 407, 12 L. R. A. (N. S.) 956, 118 Am. St. Rep. 60; *Levy* v. *McDonnell,* 92 Ark. 324, 122 S. W. 1002, 135 Am. St. Rep. 183; *Veasey* v. *Veasey,* 110 Ark. 389, 162 S. W. 45. The appellant contends that the granting clause conveys to the grantee the fee simple title, and that under the rule, *supra,* the clause quoted is void. It must be conceded that the rule contended for is the one established by our decisions, but the rule is not one of positive law, but rather one of construction to be applied where there is a clear repugnance between the nature of the estate granted and subsequent clauses in the deed, either in the *habendum* clause or elsewhere; for, in such cases, the courts are of necessity compelled to choose between the conflicting

clauses, and it is then that the arbitrary rule is invoked. In cases where the intention of the parties may be ascertained from a consideration of the entire instrument and the several clauses may be reconciled, the rule contended for must yield to that cardinal rule of construction that the intention of the parties as drawn from the entire instrument must govern.'' The result there announced was reached because when the deed was considered in its entirety, technical rules of construction to the contrary notwithstanding, it was apparent what the parties intended and that intent was given effect. It is not necessary to impair the authority of the Carl Lee case, *supra*, to give effect to the intention of the parties to the deed here under consideration, for the reason that in the Carl Lee case there was an irreconcilable repugnancy between the estate conveyed in the granting clause and that as limited in the *habendum* clause. A grantor could not convey both a fee simple estate and a conditional life estate. It was necessary, therefore, to determine which estate had been conveyed; and it was held that the granting clause conveying the larger estate could not be limited by the *habendum* clause reducing that estate. But here there is no reason at all why the grantor might not convey the land to one person and the mineral rights to another; or to reserve a portion of those rights as he did do, in language too plain and unambiguous to admit of a doubt of any kind.

The authorities there cited fully sustain the conclusion reached and the declaration of law there announced.

I, therefore, dissent, and am authorized to say that Mr. Justice McHaney concurs in the view that the reservation of an interest in the oil, gas and mineral rights is valid and should be upheld.